ASHLIE LAUREN SMITH, ET AL.

V.

ALLSTATE INSURANCE COMPANY

Record No. 901129

April 19, 1991

Present: All the Justices

*Charles B. Molster, III (Keck, Mahin & Cate,* on brief), for appellants.

*R. Craig Jennings (Slenker, Brandt, Jennings & Johnston,* on brief), for appellee.

JUSTICE RUSSELL delivered the opinion of the Court.

This declaratory judgment proceeding seeks a determination whether an exclusionary provision in an insurance policy bars coverage for a child's injuries sustained during the insured's business of baby-sitting. We find the exclusionary clause ambiguous and therefore insufficient to bar coverage.

The facts are undisputed. Inder Sharma (the insured) operates a day-care business in her home in Prince William County. She is licensed by the County to operate her business, although state law does not require such licensure. The insured's compensation is based upon the hours devoted to caring for each child, and she is reimbursed for the cost of preparing and serving food to the children in her care. She has a zoning permit to provide day-care services in her home, and these business activities are reflected on her tax returns.

On July 5, 1988, the insured was caring for Ashlie Smith, two years of age. While the insured was preparing lunch for Ashlie, the insured's own family, and some friends, Ashlie entered the kitchen unnoticed and stood near the open door of the oven. Ashlie's dress caught fire and she was severely burned.

On the date of the accident, the insured was covered by a "Deluxe Plus Homeowners Policy" written by Allstate Insurance Company (the insurer). Section II, paragraph 8 of the policy reads as follows:

8. We do not cover bodily injury or property damage arising out of the past or present business pursuits of an insured person.

We do cover:

a) activities normally considered non-business;

b) the occasional or part-time business activities of an insured person who is a student under 21 years of age;

c) the incidental business activities of any insured person for babysitting, caddying, lawn care, newspaper delivery, and other similar activities.

Contending that the foregoing language excluded coverage of Ashlie's injuries, the insurer brought this declaratory judgment proceeding in the trial court against Ashlie, her mother, the insured, and the insured's husband, seeking a determination that it had no duty to defend or indemnify the insured against Ashlie's claim. At a bench trial on April 17, 1990, the court ruled that coverage was excluded by paragraph 8. A final order incorporating that ruling was entered on May 17, 1990. We granted Ashlie and her mother an appeal.

■ It is undisputed that the insured's day-care activities were "business pursuits" within the meaning of paragraph 8, quoted above. Therefore, the first sentence of the paragraph would exclude coverage for the accident in question unless the exclusionary effect of that sentence is vitiated by one of the three subparagraphs which follow. Subparagraph (a), which extends coverage to "activities normally considered non-business" has been a fruitful source of litigation elsewhere, but for the purposes of this case, we will assume, without deciding, that it does not afford coverage. Subparagraph (b) is inapplicable because the insured was not a "student under 21 years of age." Accordingly, we focus upon subparagraph (c).

■ On the facts of this case, the language of subparagraph (c) would afford coverage if it lacked the word "incidental," because the policy would read, in pertinent part: "We do cover the business activities of any insured person for babysitting." The sole question for determination, therefore, is whether that result is altered when the language reads, as it does: "We do cover the *incidental* business activities of any insured person for babysitting." (Emphasis added.)

The insured argues that the preparation of lunch is incidental to her business activity of baby-sitting, and that the policy language clearly affords coverage for that reason. The insurer argues that

the language clearly excludes coverage because day care was the insured's principal occupation, and baby-sitting was therefore not an "incidental business activity."

In addition to their dispute as to the modifying effect of the adjective, the parties also dispute its meaning. The insured relies on a dictionary definition of "incidental," *i.e.*, "subordinate, nonessential, or attendant in position or significance." Webster's Third New International Dictionary 1142 (3d ed. 1976). The insurer, in oral argument, contended that "incidental business activities" could not include the insured's day-care business because baby-sitting constituted her full-time occupation. That argument equates "incidental" with "occasional or part-time." The insured responds that because the policy used the words "occasional or part-time" in subparagraph (b), it must have intended something different when it shifted to "incidental" in subparagraph (c). The policy contains no definitions to resolve those disputes.

We recently restated the governing principles in *American Reliance Insurance Co.* v. *Mitchell*, 238 Va. 543, 547, 385 S.E.2d 583, 585 (1989), as follows:

> Exclusionary language in an insurance policy will be construed most strongly against the insurer and the burden is upon the insurer to prove that an exclusion applies. Reasonable exclusions not in conflict with statute will be enforced, but it is incumbent upon the insurer to employ exclusionary language that is clear and unambiguous. An ambiguity, if one exists, must be found on the face of the policy. And, language is ambiguous when it may be understood in more than one way or when it refers to two or more things at the same time. Finally, doubtful, ambiguous language in an insurance policy will be given an interpretation which grants coverage, rather than one which withholds it.

(Citations omitted.)

It is not incumbent upon us to resolve the parties' dispute as to the effect of subparagraph (c). As we said in *St. Paul Ins.* v. *Nusbaum & Co.*, 227 Va. 407, 412, 316 S.E.2d 734, 736 (1984), "[i]t was incumbent upon the insurer to employ exclusionary language clear enough to avoid any such ambiguity, if it wished to exclude coverage."

Accordingly, we construe the policy to afford coverage for the accident described in the pleadings. We will reverse the judgment of the trial court and remand the case for entry of a declaratory judgment in conformity with this opinion.

*Reversed and remanded.*

JUSTICE COMPTON, with whom JUSTICE STEPHENSON joins, dissenting.

In my opinion, the following exclusionary language is clear and unambiguous: "We do not cover bodily injury or property damage arising out of the past or present business pursuits of an insured person." There is no dispute that the insured's day-care activities were "business pursuits" within the meaning of the foregoing sentence. From this plain language, no coverage was afforded to this insured, who was caring for the child in the course of the insured's business at the time of the injury.

When the following policy language is considered, the exclusion becomes even clearer. "We do cover . . . the incidental business activities of any insured person for babysitting, caddying, lawn care, newspaper delivery, and other similar activities." Clearly, "incidental" babysitting activities are covered, not full-time child-care activities like those conducted by this insured. As we recently said in another insurance case, the term "incidental" means "subordinate" and "nonessential." *Scottsdale Ins. Co. v. Glick*, 240 Va. 283, 288, 397 S.E.2d 105, 108 (1990). There is nothing "subordinate" or "nonessential" about babysitting performed in the course of an established, child-care business.

Accordingly, because there is no ambiguity on the face of the provisions in issue, they should be interpreted in accordance with their plain language; the agreement should not be rewritten by this Court. *See Nationwide Mutual Ins. Co. v. Wenger*, 222 Va. 263, 268, 278 S.E.2d 874, 877 (1981). Thus, I would affirm the judgment below.